IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONY PIERRE,<br>　　　　　Plaintiff,<br>　　v.<br>CYNDEEQAH A. CARTER, et. al.,<br>　　　　　· Defendant. | :<br>:<br>:<br>:  Civil Action No. 18-5288<br>:<br>:<br>: |

## ORDER

AND NOW, on this _____ day of _____, 2019, upon consideration of Defendants Mukesh Kumar and All American Central, LLC's Motion for Summary Judgment and any and all responses and oppositions thereto, it is hereby ORDERED that Defendants' motion is GRANTED, and Plaintiff's Amended Complaint as to Defendants Mukesh Kumar and All American Central, LLC is DISMISSED WITH PREJUDICE.

　　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONY PIERRE,<br>　　　　　Plaintiff,<br>　v.<br>CYNDEEQAH A. CARTER, et. al.,<br>　　　　　Defendant. | :<br>:<br>:<br>:　Civil Action No. 18-5288<br>:<br>:<br>: |

**DEFENDANTS MUKESH KUMAR AND ALL AMERICAN CENTRAL, LLC'S
MOTION FOR SUMMRY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)**

　　Defendants Mukesh Kumar and All American Central, LLC ("moving defendants"), by and through their undersigned counsel, hereby respectfully move for a summary judgment on all claims asserted against them in Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 56. In support of this Motion, moving defendants rely upon and incorporate by reference the accompanying Memorandum of Law filed with this Motion.

　　WHEREFORE, moving defendants respectfully request that this Honorable Court grant their motion for summary judgment and dismiss Plaintiff's claims asserted against them in the Amended Complaint with prejudice.

Respectfully submitted,

Law Office of Ying Zhou, PLLC

By: _____
Ying Zhou, Esquire
PA Attorney I.D. No. 88761
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Phone: 215-477-1888
Fax: 267-775-3327
Email: ying@asklawyerzhou.com
Attorney for Defendants Mukesh Kumar and
All American Central, LLC

Dated: 10/21/2019

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONY PIERRE,<br>　　　　　　Plaintiff,<br>v.<br>CYNDEEQAH A. CARTER, et. al.,<br>　　　　　　Defendant. | :<br>:<br>:<br>:　Civil Action No. 18-5288<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MUKESH KUMAR AND
ALL AMERICAN CENTRAL, LLC'S
<u>MOTION FOR SUMMRY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)</u>**

Defendants, Mukesh Kumar and All American Central, LLC, (hereinafter collectively "Moving Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion for a summary judgment on all claims asserted against them in Plaintiff's Amended Complaint.

**I.　<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>**

Plaintiff, Dony Pierre, commenced this action originally in Philadelphia Court of Common Pleas against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. §227 et. seq., Federal Communications Commission's rules restricting telemarketing, telephone solicitation and facsimile advertising, 47 CFR, §64.1200 et. seq., and Telemarketing Sales Rules (implementing the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§6101-6108), 16 C.F.R. 310.1 et. seq.

Plaintiff alleges, with respect to Defendant Mukesh Kumar, *inter alia,* that Mr. Kumar along with another defendant, "have been terrorizing the Plaintiff with unsolicited and unwanted robocalls for the past 3 years or more[,]" and that "Mukesh Kumar are in charge of teams of 5 to 10 people each that they use to call the Plaintiff all day long to try to force him to buy Viagra and

1

Cialis." Complaint, ¶3. With respect to Defendant All American Central, LLC, Plaintiff alleged that "Defendant All American Central LLC and website called Allamericancentral.com, is responsible for knowingly calling and or sponsoring unsolicited calls to the Plaintiff's private cell phone that is on the 'Do Not Call Registry' hundreds of times." Complaint, page 2 of 9.

Moving Defendants removed Plaintiff's action to this Court on the bases of federal question jurisdiction and separately and independently, of diversity of citizenship jurisdiction as Moving Defendants are citizens of Massachusetts while Plaintiff is a citizen of Pennsylvania and the amount in controversy is the money judgment demanded in excess of $50,000 which meets the requirement of 28 U.S.C. §1446(c)(2)(A)(ii) as the state court permits recovery in excess of the amount demanded.

Plaintiff subsequently filed an Amended Complaint alleging, *inter alia*, Moving Defendants used their company All American Central LLC and website www.allamericancentral.com as a front to collect payments and/or make unsolicited, automatic dialing and robocalls to the Plaintiff's private cell phone that is on the "Do Not Call Registry" in violation of TCPA rules 47 U.S.C. 227(b)(1)(A)(iii)." Amended Complaint, ¶8. It further alleged that Moving Defendants are not in the business of online clothing retail sales but instead, distributed, marketed and sold "illegal counterfeit Viagra, Cialis and other dangerous counterfeit drugs" and that All American pharmacy, US Online Pharmacy, usonlinemed.com and www.buypowerpills.com are one and the same, that is according to Plaintiff, "fake companies" set up by Moving Defendants to conduct the sale of the illicit and/or illegal drugs. Amended Complaint, ¶¶28-29. Plaintiff also submitted to court, with the filing of the Amended Complaint, a CD Rom containing twenty-nine audio files of purported recordings of telephone calls with various named Defendants on the Amended Complaint.

Nevertheless, at the close of all discovery, Plaintiff presented no facts whatsoever to support his allegations that Moving Defendants had violated the TCPA and/or related federal statutes by making unsolicited robocalls or automated calls, using an artificial or pre-recorded voice to deliver messages without Plaintiff's express prior consent, or initiating telephone calls to Plaintiff through an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA. Plaintiff's produced sound files, consisting of mostly recorded telephone calls between himself and third parties and having, for the most part, no noticeable connection with the Moving Defendants, are neither relevant nor material to the allegations asserted against Moving Defendants. The five to seven telephone call recordings among them that did mention the name of "All American Central" were not pre-recorded or automated calls but live calls either initiated by or answered by Plaintiff and during which, the name of All American Central was mentioned by the live third-party callers in reference to payment instructions provided to and/or for the purpose of obtaining payment information from Plaintiff. *See* the audio files "All American Central Andrew 754-209-136108232018.mp3"; "All American Central LLC and Buypowerpills.co...005_141428.mp3;" "All American Central LLC Andrew 20180823_192159.mp3;" "1 620-307-9058 All American Central 20180913_180731.mp3;" "All American Central Endrew 1 754-209-1361-20180913_171546.mp3" on the CD Rom previously produced by the Plaintiff as a part of his exhibits to the Amended Complaint. Separately, the documents produced by Plaintiff as exhibits to his Complaint and later in discovery by the parties that had any relation to Moving Defendants consist of a few pages of printouts of All American Central's website and Paypal messages, invoices and notices of refund processed for cancelled transactions with Plaintiff. *See* exhibits attached to Amended Complaint. *See also*, No. 13 of moving defendants' responses to Plaintiff's

3

requests to produce documents or things for discovery pursuant to rule as order together with the documents produced, attached as Exhibit "A."

As such, the evidence of record, notably the Paypal invoices and cancelled transaction refund notices, established *at best* that Moving Defendants were attempting to confirm a purchase, process payment and/or collect a debt from Plaintiff, and as the recorded telephone calls demonstrated, Moving Defendants were making live calls to Plaintiff to verify transaction and/or payment information on orders presumably placed by Plaintiff – the very type of telephone calls that is not covered under TCPA, and Plaintiff presumably provided his telephone number to Moving Defendants at some point during their prior contacts as there is no evidence that his number was generated through a robo-dialer or "skip tracing" product of some sort by Moving Defendants.

## II. ARGUMENT

### A. Legal Standard

"Under Fed. R. Civ. P. 56(a), 'the court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[.]'" *Anderson v. AFNI, Inc.*, No. 10-4064, 2011 U.S. Dist. LEXIS 51368 at *1-2 (ED. Pa. May 11, 2011). The survive a motion for summary judgment, the non-moving party must establish there is a genuine issue of material fact and the issue of fact must be "genuine" – meaning the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-587, 106 S.Ct. 1348 (1986). The non-moving party "must support [his] assertion with specific citations to the record[,]" *Anderson v. AFNI, Inc.* at *2, and sets forth "'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief." *Anderson v. Liberty, Inc.* 477 U.S.

4

242. 250-57, 106 S.Ct. 2505 (1986). "This evidence [set forth by the non-moving party] must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims." *Id. See also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, at 587-589. Only if this threshold is met may the cause of action proceed. *Stauffer v. Navient Solutions, LLC*, No. 1:15-cv-1542, 241 F. Supp. 3d 517, 520 (MD. Pa. Mar. 13, 2017).

### B. Plaintiff cannot meet his burden of proof under the TCPA to establish liability on the part of Moving Defendants as the telephone calls allegedly attributed to All American Central, LLC were not automated telemarketing calls

To survive a motion for summary judgment on his claims against Moving Defendants, Plaintiff must raise a genuine issue of material facts that All American Central, LLC and Mukesh Kumar were initiating and/or making automated telephone calls to his residential telephone line using artificial or prerecorded voices to deliver messages without his prior express consent and not for the purpose of collecting a debt he owes. *See* 47 U.S.C.§227(b)(1). Plaintiff failed to do so at the close of discovery in this case.

What Plaintiff did produce were roughly 250 pages of documents, consisting of website printouts, cell phone screen shots of telephone numbers, email transaction records, google and public records search results, and a CD Rom containing approximately 29 audio files (with 9 files allegedly pertaining to All American Central, LLC). However, none of the documents or audio files produced by Plaintiff that allegedly pertain to Moving Defendants showed or established that either All American Central, LLC or Mukesh Kumar were initiating and/or making automated telephone calls to Plaintiff's residential telephone line using artificial or prerecorded voices to deliver messages without his prior express consent. In fact, the produced audio recordings revealed that in some instances, Plaintiff was the one initiating the call to a third party to "investigate" the

company affiliation of that third party. The produced audio recordings had also revealed that the third-party callers, even if they were affiliated with Moving Defendants in any way or form, were simply contacting Plaintiff to confirm his purported purchases, verify his name and address and/or obtain payment information. They were live calls, not automated telephone marketing calls contemplated by the TCPA and thus, the making of which were not in violation of the Act. *Id. See also, Broking v. Green Brook Buick GMC Suzuki*, No.15-1847, 2017 U.S. Dist. LEXIS 134026 (D.NJ. August 22, 2017).

### III. **CONCLUSION**

Accordingly, Moving Defendants respectfully request that this Honorable Court grant this motion for summary judgment and dismiss Plaintiff's claims asserted against them in the Amended Complaint with prejudice.

Law Office of Ying Zhou, PLLC

Dated: 10/21/2019   By: _____

Ying Zhou, Esquire
PA Attorney I.D. No. 88761
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Phone: 215-477-1888
Fax: 267-775-3327

Attorney for Defendants Mukesh Kumar and All American Central, LLC

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONY PIERRE,<br>　　　　　　Plaintiff,<br>　v.<br>CYNDEEQAH A. CARTER, et. al.,<br>　　　　　　Defendant. | :<br>:<br>:<br>:　Civil Action No. 18-5288<br>:<br>:<br>: |

## **CERTIFICATE OF SERVICE**

I, Ying Zhou, Esquire, do hereby certify that a true and correct copy of the foregoing Defendants Mukesh Kumar and All American Central LLC's Motion for Summary Judgment and the accompanying supporting Memorandum of Law, Proposed Order and Exhibit have been filed electronically on October 21, 2019 and are available for downloading and viewing from the Court's ECF system by the following Counsel for Plaintiff:

**Glenn A. Brown, DMD, Esquire**
Real World Law, P.C.
6778 Market Street
Upper Darby
PA 19082
Attorney for Plaintiff

　　　　　　　　　　　　　　　　　　　　　Ying Zhou, Esquire
　　　　　　　　　　　　　　　　　　　　　Attorney ID No. 88761
　　　　　　　　　　　　　　　　　　　　　Law Office of Ying Zhou, PLLC
　　　　　　　　　　　　　　　　　　　　　1700 Market Street, Suite 1005
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　　(215) 477-1888

　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants Mukesh
　　　　　　　　　　　　　　　　　　　　　Kumar and All American Central
　　　　　　　　　　　　　　　　　　　　　LLC

Date: 10/21/19