## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DONY PIERRE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 18-5288** |
| | : | |
| **MUKESH KUMAR, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

Plaintiff Dony Pierre brought this action under the Telephone Consumer Protection Act, alleging Defendants have inundated him with unsolicited robocalls. Defendants move for summary judgment. For the reasons that follow, I will grant the Motion and enter judgment in Defendants' favor.

### I.    LEGAL STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must first show the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is material only if it could affect the suit's result under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). I "must view the facts in the light most favorable to the non-moving party" and make every reasonable inference in that party's favor. Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). The opposing party must support each essential element with concrete evidence in the record. See Celotex, 477 U.S. at 322–23. If I then determine that there is no genuine issue of material fact, summary judgment is appropriate. See id. at 322. A "conclusory, self-serving" sworn statement is not sufficient to create a genuine issue of material fact "where that assertion is impeached by a well supported showing to the contrary." Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d

254, 263 (3d Cir. 2012) (quoting United States v. Premises Known as 717 S. Woodward St.,

Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993)).

## II.    FACTUAL BACKGROUND

I have resolved all factual disputes in Plaintiff's favor and construed the evidence most

favorably to him. Hugh, 418 F.3d at 267.

Plaintiff received four invoices from Defendants between May 22 and October 5, 2018.

(Ex. A to Doc. No. 67.)  These invoices were provided via email and sought payments ranging

from $121 to $200. (Id.)  None of the invoices included any further description, although Plaintiff

alleges Defendants were selling counterfeit pharmaceuticals, including Viagra and Cialis.  (See

Doc. No. 20 ¶¶ 30, 32, 34.)

Plaintiff paid the first invoice on May 22, 2018.  (Ex. 1 to Doc. No. 67.)  He avers that he

did so to "discover[] more information about the business" that had sent the invoice.  (Doc. No.

20 ¶ 32.) Nine days later, Defendants refunded Plaintiff's purchase by transferring the purchase

amount ($121) back to Plaintiff's PayPal account. (Id. ¶ 33.)  Plaintiff never received any goods

from Defendants.  (Id.)  Plaintiff did not pay any of Defendants' subsequent invoices.

Beginning on May 22, 2018—the date of Defendants' first invoice—Plaintiff began

receiving live calls from Defendants.  (Id. ¶ 31.)  He submitted audio recordings of the calls, which

concerned Plaintiff's payment to Defendants and occurred between August and October 2018.

(See id. ¶ 34.)  During many of the calls, Plaintiff probed the caller for information.  Plaintiff

received many calls that he did not record: although Plaintiff also submitted recordings of robocall

messages, he does not allege these messages are attributable to Defendants. (See id. 19–23

(summarizing twelve calls from Defendants).)   All the calls that reference Defendants' names are

live calls.

### III.     PROCEDURAL HISTORY

On September 12, 2018, Plaintiff filed a *pro se* Complaint in the Philadelphia Court of Common Pleas, alleging Defendants Cyndeeqah Carter, Mukeesh Kumar, USA Universal Hair, All American Central LLC, and US Med Point violated his rights under the Telephone Consumer Protection Act by making solicitous robocalls to his landline and cellphone.  (Doc. No. 1.) Invoking federal question jurisdiction, Defendants removed on December 7, 2018.  (Id.); 28 U.S.C. § 1446.

On January 24, 2019, I dismissed the case against Kumar and All American with prejudice. (Doc. Nos. 12, 13.)  The next day, I ordered Plaintiff to file proof of service on the remaining Defendants, which he did.  (Doc. Nos. 13, 15.)  Upon his Motion, I granted Plaintiff leave to amend his Complaint against Kumar and All American and to add TCPA claims against six additional Defendants: www.drhonow.com, Dr. Michael Ho, Alex Stinnett, Alex Shoppe, Quick Limo LLC, and www.buypowerpills.com.  (Doc. No. 19.)

On May 16, 2019, I dismissed the case against Michael Ho for lack of personal jurisdiction and ordered Plaintiff to serve his Amended Complaint on Defendant www.drhonow.com.  (Doc. No. 38.)  After Plaintiff failed to comply, on July 15, 2019 I dismissed his Amended Complaint against Defendant www.drhonow.com for failure to prosecute.  (Doc. No. 48); Fed R. Civ. P. 4(m). Despite numerous extensions and warnings, Plaintiff failed to serve his Amended Complaint on most of the remaining Defendants.  On September 5, 2019, I dismissed Plaintiff's Amended Complaint for failure to prosecute as to Defendants Carter, Quick Limo LLC, USA Universal Hair, US Med Point, Alex Stinnett, and Alex Shoppe.  (Doc. No. 55.)

Defendants Kumar and All American Central remain.  Throughout these proceedings, Plaintiff has propounded meritless motions to compel discovery and has resisted his own discovery

obligations.  (See, e.g., Doc. Nos.  5, 11, 56, 57, 61.)  On October 16, 2019, "Glenn A. Brown, DMD, Esquire" entered his appearance on Plaintiff's behalf.  (Doc. No. 65.)  Defendants moved for summary judgment on October 21, 2019.  (Doc. No. 67.)  Plaintiff responded; Defendants replied.  (Doc. Nos. 68, 69.)  I will grant Defendants' Motion.

## IV.    DISCUSSION

The Telephone Consumer Protection Act makes it unlawful, *inter alia*, to "make any call [without the recipient's express consent] using any automatic telephone dialing system or an artificial or prerecorded voice" to a cellphone line.  47 U.S.C. § 227(b)(1)(A)(iii).  Recipients of multiple, prohibited calls may recover the greater of actual or statutory damages ($500 per call), and I have discretion to treble those damages if I find that a defendant willfully violated the TCPA and corresponding regulations.  Id. § 227(b)(3)(B) & (b)(3)(C).

Plaintiff's TCPA claim fails as a matter of law because he has not provided evidence to show that Defendants "initiat[ed] any telephone call" to him "using any automatic telephone dialing system or an artificial or prerecorded voice to deliver a message."   47 U.S.C. § 227(b)(1)(A).  All the calls Plaintiff attributes to Defendants relate to their transactions.  By making payment on an invoice, Plaintiff seems to have provided Defendants with his contact information and invited their communications, which focus on how Plaintiff could make further payments. Defendants thus did not initiate these calls based on an automatic dialing system—equipment that stores or produces numbers to be called, based on a "random or sequential number generator," and dials without human intervention.  47 U.S.C. § 227(a)(1).  Rather, Defendants deliberately contacted their putative customer.  Moreover, all the calls Plaintiff attributes to Defendants involved live callers; none were robocalls.  These are not actionable under the TCPA.  See Ashland Hosp. Corp. v. Svc. Emps. Int'l Union, Dist. 1199 WV/KY/OH, 708 F.3d 737, 744 (6th Cir. 2013)

("live calls from real persons" do not violate the TCPA).

In these circumstances, Plaintiff has failed to create a triable issue as to whether Defendants violated the TCPA.

**V.      CONCLUSION**

For the reasons provided, I will grant Defendants' Motion.  An appropriate Judgment follows.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

December 11, 2019                                    _____

Paul S. Diamond, J.